IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTEN MCCABE MCDOWELL
*individually and on behalf of the*  13cv1648
*GOVERNMENT OF THE UNITED STATES*  **ELECTRONICALLY FILED**
*OF AMERICA*,

      Plaintiff,

      v.

NHS HUMAN SERVICES, INC.,

      Defendant.

## Memorandum Order

This is an action for retaliation brought pursuant to the False Claims Act (FCA), 31 U.S.C. § 3730(h). On November 20, 2013, Plaintiff filed a two count Complaint alleging that Defendant wrongfully retaliated against Plaintiff by terminating her employment as a full time special education teacher who worked for Defendant from August 2010 to April 2013, because she raised issues regarding Defendant's practices and programs which utilize federal and state government funds, in violation of the whistleblower provision of the FCA, and under corresponding Pennsylvania Whistleblower Law. Pending before this Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. Pr. 12(b)(6) (doc. no. 12) and Plaintiff's Response thereto (doc. no. 13).

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell*

1

*Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

In Defendant's Motion to Dismiss, it contends that Plaintiff's cause of action for retaliation under § 3730(h) is time-barred and/or it fails to allege the essential elements required to state a claim for relief. The statute of limitations, however, for a claim under § 3730(h) is three years, and therefore the vast majority of the allegations (August 2010-April 2013) fall within the applicable three year statute of limitations period. Further, accepting the factual allegations as true, the Complaint as a whole and specifically, paragraphs 9, 10, 11 and 24, adequately plead the necessary elements of a cause of action under section 3730(h). Doc. No. 1.

Accordingly, Defendant's Motion to Dismiss Count One of the Complaint is DENIED. Defendant's Motion to Dismiss Count Two, upon consent of Plaintiff to withdraw Count Two, is GRANTED. Defendant's Motion to Dismiss (doc. no. 12) is GRANTED IN PART AND DENIED IN PART.

**SO ORDERED** this 10th day of June, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties